Strafford,
No. 5708.

HAROLD D. MORAN, *Adm'r & a.*

*v.*

ROBERT A. CARIGNAN, *Adm'r.*

Argued February 7, 1968.
Decided February 29, 1968.

*Fisher, Parsons, Moran & Temple* ( *Mr. Robert H. Temple* orally ), for the plaintiffs.

*Burns, Bryant, Hinchey & Nadeau* and *Ross V. Deachman* ( *Mr. Deachman* orally ), for the defendant.

GRIMES, J. Actions to recover for the death of Paul F. Forbes and for personal injuries to Wayne Schoff who were passengers in a motor vehicle which went off the highway and struck a tree while being operated by the defendant's intestate on April 19, 1963 at Rochester, New Hampshire. Schoff, the only survivor, testified that he and the others met Norton at a diner in Dover where, after having something to eat, Norton agreed to drive them home. They left the diner about midnight and Schoff testified that he went to sleep in the car and remembers nothing except seeking help after the accident and being in the hospital. There was evidence that plaintiffs had been drinking beer during the evening and that Norton appeared to have been drinking but not

drunk. Bottles of beer, both opened and unopened, were found in and around the automobile after the accident.

On cross-examination of Schoff, he was confronted with a statement which he admitted bore his signature following the words "I have read the above statement consisting of two and one-half pages and it is the truth to the best of my knowledge and belief." Objection was made to the use of the statement by plaintiffs' counsel unless he was permitted to bring out that an insurance adjuster obtained the statement on the representation that it was the only way Schoff could collect from the insurance company.

Exception was taken to the use of the statement on the basis of the signature alone without asking Schoff if he made the statements contained therein. At one point the following colloquy occurred: "COURT: Mr. Fisher also had objection as to its [the statement] being admissible in the Forbes case. MR. HINCHEY: I don't think it is. How can it be? COURT: With that understanding you may proceed. MR. FISHER: May I have an exception." Defendant's counsel was then permitted to read portions of the statement to the witness and ask him if they were true or false. No ruling was made as to the scope of redirect examination.

During argument, defendant's counsel on several occasions referred to the statement and at one point over objection stated that parts were offered on the question of the credibility of Schoff and that if it affected the credibility of Schoff, the jury could consider it for that purpose in both cases. At another point after the statement had been referred to as evidence of the facts, the Court sustained plaintiffs' objection and instructed the jury as follows: "I instruct you, Mr. Foreman and Gentlemen of the Jury, the statement was used on the issue of the credibility of the witness. Any statements that he adopted in there as being true here in his testimony is evidence for you to consider. The prior contradictory statements that you may find he made in his statement are to be used by you as they may affect you on his credibility, and are not to be used by you as evidence in the case."

In his charge, the Judge reiterated that the prior statement was admitted on credibility of Schoff only and unless he adopted a statement in court, it could not be used as proof of the issues. Following verdicts for the defendant, plaintiffs' exceptions were transferred by *Morris,* J.

The plaintiffs were not entitled to any more favorable instruction. In both cases the Court excluded, as substantive evidence of the facts, the out-of-court statements, not adopted by Schoff at the

trial, as true. They would have been admissible against Schoff as admissions of a party, but would have been inadmissible as hearsay against Forbes in whose case Schoff was a mere witness. *Zogoplos* v. *Brown,* 84 N. H. 134; *Currier* v. *Grossman's,* 107 N. H. 159; *Pike* v. *Gagne,* 90 N. H. 516. By excluding their use as evidence of the facts in both cases, the instructions were more favorable to Schoff than he was entitled to.

The contents of the statement which he signed which were contrary to his testimony in court were admissible on the question of his credibility in both cases since his testimony was offered in both cases. His signature on the statement was sufficient to permit its use, *Currier* v. *Grossman's, supra; Thompson* v. *Morin,* 80 N. H. 144, there being no question as to his ability to read. *Cf. Colby* v. *Avery,* 93 N. H. 250. Those parts of the statement which Schoff testified were true were thereby adopted by him as his testimony in court and were admissible as affirmative evidence of the facts in both cases. *Zogoplos* v. *Brown, supra.*

Plaintiffs contend that when the Court permitted defendant's counsel to use the statement with the understanding that it was not admissible in the Forbes case, this established the law of the trial which he claims was violated by defendant's argument. *Merchant's Mutual Cas. Co.* v. *Smith,* 91 N. H. 204; *Stone* v. *Howe,* 92 N. H. 425, 430.

We need not pass upon the correctness of plaintiffs' contention because we do not construe the ruling of the Court to mean that the statement could not be used to affect the credibility of Schoff as a witness in both cases but only that the out-of-court statements of Schoff could not be used against Forbes as evidence of the facts stated.

The distinction between the use of out-of-court statements for impeachment purposes and as evidence of the facts is difficult to explain to a jury. The recent case of *State* v. *Cote,* 108 N. H. 290, indicates that the better practice is to instruct the jury at the time the evidence is submitted. However, the instructions in this case were sufficient to convey "the proper thought . . . with reasonable certainty." *West* v. *Railroad,* 81 N. H. 522, 532; *Locke* v. *Cressy Company,* 108 N. H. 116.

*Exceptions overruled.*

All concurred.